2611-CC00642

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

**IN THE CIRCUIT COURT OF ST. CHARLES COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **REINERIO ALBA RIVERA,<br>CLAUDIA PADILLA CRUZ,<br>YERY JOHANNA CASTILLO RAITER,<br>MARIA ELIZABETH BLANDINO TRUJILLO, AND YENIS MABEL MARTINEZ MELGAR,<br>INDIVIDUALLY, AND ON BEHALF OF OTHERS SIMILARLY SITUATED, AS PLAINTIFF/CLASS REPRESENTATIVES,** | **CAUSE NO.** |
| **PLAINTIFFS,** | |
| **V.** | **JURY TRIAL DEMANDED** |
| **KELLERMEYER BERGENSONS SERVICES, LLC**<br><br>**Serve:**<br>**CSC – Lawyers Incorporating Services Company**<br>**221 Bolivar Street**<br>**Jefferson City, MO 65101** | |
| **HOSPITALITY STAFFING SOLUTIONS, LLC**<br><br>**Serve:**<br>**National Registered Agents, Inc.**<br>**5661 Telegraph Rd Ste 4B**<br>**St. Louis, MO 63129** | |
| **RAMON AVILA d/b/a G&A SERVICES**<br><br>**Serve at:**<br>**1366 Tara Belle Parkway**<br>**Naperville, IL 60564** | |
| **AMAZON.COM SERVICES LLC**<br><br>**Serve:**<br>**CSC-Lawyers Incorporating Service Company**<br>**221 Bolivar Street**<br>**Jefferson City, MO 65101** | |
| **DEFENDANTS.** | |

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

## PETITION

**COME NOW**, Plaintiffs Reinerio Rivera, Claudia Cruz, Yery Castillo, Maria Trujillo, and Yenis Martinez**,** individually and on behalf of others similarly situated pursuant to Missouri Rule of Civil Procedure 52.08, and for their cause of action against Defendants Kellermeyer Bergensons Services, LLC, Hospitality Staffing Solutions, LLC, Ramon Avila d/b/a G&A Services, and Amazon.com Services, LLC, state as follows:

### Facts Common to All Claims

1. This action arises under the Missouri Minimum Wage Law (MMWL) § 290.500 R.S.Mo. *et seq.*, and Missouri common law.

2. This Court has subject matter jurisdiction pursuant to Article V of the Missouri Constitution.

3. Venue is proper pursuant to § 508.010(2)(1) R.S.Mo.

4. This action is brought as a class action pursuant to Missouri Rule of Civil Procedure 52.08.

5. Plaintiff Reinerio Alba Rivera is an individual who resides in St. Louis County, Missouri.

6. Plaintiff Claudia Padilla Cruz is an individual who resides in St. Louis County, Missouri.

7. Plaintiff Yery Johanna Castillo Raiter is an individual who resides in St. Charles County, Missouri.

8. Plaintiff Maria Elizabeth Blandino Trujillo is an individual who resides in St. Charles County, Missouri.

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

9. Plaintiff Yenis Mabel Martinez Melgar is an individual who resides in St. Louis County, Missouri.

10. Defendant Kellermeyer Bergensons Services, LLC (KBS) is a limited liability company in good standing, operating cleaning services throughout the State of Missouri.

11. Defendant Hospitality Staffing Solutions, LLC (HSS) is a limited liability corporation in good standing, operating staffing services throughout the State of Missouri.

12. Defendant Ramon Avila d/b/a G&A Services (G&A) is a company operating cleaning services in the State of Missouri.

13. Defendant Amazon.com Services LLC (Amazon) is a company operating retail services throughout the State of Missouri.

14. Plaintiffs seek relief solely under Missouri law. Plaintiffs expressly limit the proposed Class to Missouri employees and do not seek aggregate damages beyond the jurisdictional limits applicable to this Court.

15. At the various times between March 2020 and August 2025, Plaintiffs worked for Defendant KBS as cleaners. Exhibits 1-5 attached hereto contain the specific time frames for each Plaintiff.

16. At relevant time periods between March 2020 and August 2025, Defendant HSS was affiliated with Defendant KBS.

17. At relevant time periods between March 2020 and August 2025, Defendant G&A was affiliated with Defendant KBS.

18. At relevant time periods between March 2020 and August 2025, Defendant Amazon was affiliated with Defendant KBS.

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

19. During their employment, Plaintiffs completed work on behalf of Defendant HSS, G&A, and Amazon as cleaners.

20. At all relevant times, Defendants acted directly and/or indirectly in the interest of one another with respect to Plaintiffs' employment.

21. Defendants KBS, HSS, G&A, and Amazon were joint employers of Plaintiffs at all relevant times and are jointly and severally liable for the violations alleged herein.

22. Defendants jointly controlled and/or retained the right to control the terms and conditions of Plaintiffs' employment, including but not limited to:

a. Hiring and onboarding decisions;

b. Work schedules and staffing levels;

c. Daily supervision and assignment of job duties;

d. Approval and restriction of overtime;

e. Compensation structure and pay practices;

f. Timekeeping systems and payroll administration;

g. Disciplinary authority and termination decisions; and

h. Operational control over the facilities where Plaintiffs worked.

23. Plaintiffs performed cleaning and related services at Amazon-operated facilities pursuant to contracts between Amazon and one or more of the remaining Defendants.

24. Amazon maintained operational control over its facilities, including security protocols, productivity standards, scheduling requirements, and access to the premises.

25. Defendants KBS, HSS, and/or G&A recruited, assigned, supervised, and managed Plaintiffs at those facilities.

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

26. Upon information and belief, Defendants maintain control, oversight, and direction over the operation of their facilities, including employment and/or labor practices at their locations throughout Missouri.

27. The wage practices challenged herein were the result of coordinated and centralized compensation policies applied uniformly across Missouri worksites.

28. Plaintiffs were all paid on an hourly basis.

29. The named Plaintiffs were employed by Defendants during the periods and at the rates of pay described in their attached affidavits.

30. Plaintiff Reinerio Alba Rivera was employed by Defendants from about October 2023 to July 2024. See Ex. 1 attached hereto.

31. Plaintiff Claudia Padilla Cruz was employed by Defendants from about July 2025 to August 2025. See Ex. 2 attached hereto.

32. Plaintiff Yery Johanna Castillo Raiter was employed by Defendants from about March 2020 to May 2024. See Ex. 3 attached hereto.

33. Plaintiff Maria Elizabeth Blandino Trujillo was employed by Defendants from about July 2022 to May 2024. See Ex. 4 attached hereto.

34. Plaintiff Yenis Mabel Martinez Melgar was employed by Defendants from about January 2024 to July 2024. See Ex. 5 attached hereto.

35. Plaintiffs and similarly situated employees were non-exempt employees of Defendants.

36. At all relevant times herein, Plaintiffs and similarly situated employees' primary duty involved non-management activities.

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

37. At all relevant times herein, Plaintiffs and similarly situated employees did not have the authority to hire and/or fire employees.

38. At all relevant times herein, Plaintiffs and similarly situated employees did not have any authority to discipline employees.

39. At all relevant times herein, Plaintiffs and similarly situated employees did not perform reviews and/or evaluations of employees' performance.

40. At all relevant times herein, Plaintiffs and similarly situated employees did not set and/or adjust rates of pay for employees.

41. At all relevant times herein, Plaintiffs and similarly situated employees did not plan and/or control the budget.

42. At all relevant times herein, Plaintiffs and similarly situated employees did not monitor or implement legal compliance measures.

43. During Plaintiffs' employment with Defendants, Plaintiffs typically worked more than forty (40) hours in a workweek.

44. As a result of working more than forty (40) hours in a workweek, the Plaintiffs were entitled to overtime compensation.

45. At all relevant times herein, Defendants KBS, HSS, G&A, and Amazon knew that Plaintiffs worked more than forty (40) hours per week.

46. At all relevant times, it was the policy and practice of the Defendants not to compensate Plaintiffs and similarly situated employees for overtime compensation.

47. At all relevant times herein, Defendants refused to pay Plaintiffs and similarly situated employees for working more than forty (40) hours per week.

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

48. At all relevant times herein, Defendants KBS, HSS, G&A, and Amazon knew that Plaintiffs were not paid for any hours worked in excess of forty (40) hours per week.

49. At all relevant times herein, Defendants KBS, HSS, G&A, and Amazon knew that Plaintiffs were not paid time and a half for any hours worked in excess of forty (40) hours per week.

50. Defendants paid Plaintiffs and other similarly situated employees less than the actual time worked.

51. Defendants' failure to properly pay for Plaintiffs' and other employees' time worked caused Plaintiffs and other employees to be deprived of their earned wages.

## Class Action Allegations

52. The named Plaintiffs bring this action as a class action, on their own behalf and on behalf of all other similarly situated current and former employees, pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure.

53. The work of the Class Members is, and/or was, essentially the same as the work of the Plaintiffs.

54. At all relevant times, all of the Class Members were paid in substantially the same manner and under substantially the same employment guidelines and practices as the Plaintiffs.

55. The Class Members, like the Plaintiffs, were subject to the same practice of Defendants of improperly failing and refusing to compensate the employees at the applicable overtime wage rate.

56. Plaintiffs represent a class consisting of all hourly employees who were employed by Defendants in the State of Missouri and who suffered or were permitted to work any hours in a

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

workweek for which they and others were not paid or worked hour in excess of 40 hours in a week for which they were not paid one and one-half times their regular rate of pay.

57. Plaintiffs seek to recover all unpaid wages and inadequate overtime pay for themselves and their class.

58. Plaintiffs seek certification of a class of Missouri employees defined as: "[a]ll current or former employees of Defendants who worked within the State of Missouri within three years prior to the date this lawsuit was filed and who were not paid compensation for hours they worked for Defendants, including time automatically deducted from their checks for breaks when they were required to be on call and for time worked in excess of forty hours" (the "Class").

59. The members of the Class are so numerous that joinder of all members is impracticable.

60. Although the exact number of class members is unknown, the proposed class consists of over 100 employees who have been treated similarly.

61. Common questions of law and/or fact arise from the Defendants' conduct of not properly paying overtime compensation. Such questions are common to all Class members and predominate over any questions affecting individual Class members.

62. The common questions of fact and law for all Class Members are:

a. Whether Class members worked hours in excess of forty hours for which they were not paid overtime at the rate of one and one-half times their regular rate of pay for any of the time worked in excess of 40 hours;

b. Whether Class members were entitled to be paid at the rate of one and one-half times their regular hourly rate for overtime compensation for the hours worked in excess of 40 hours; and

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

c. Whether Class members had half-hour increments automatically deducted from their checks, regardless of whether they took a break that day.

63. Defendants have acted and/or refused to act on grounds generally applicable to the Class, thereby making appropriate final relief with regard to the Class as a whole.

64. Plaintiffs will fairly and adequately represent the interests of the Class.

65. Absent certification as a Class, there is a risk of inconsistent adjudication with respect to individual class members.

66. Failure to certify the Class would render separate claimant's damages too small to justify litigating them individually.

**COUNT I – VIOLATION OF MISSOURI'S MINIMUM WAGE LAW**

67. Plaintiffs incorporate all preceding paragraphs by reference as if fully stated herein.

68. At all relevant times herein, Plaintiff Rivera was an "employee" as defined by the MMWL, R.S. Mo. § 290.500 R.S.Mo., et. seq.

69. At all relevant times herein, Plaintiff Cruz was an "employee" as defined by the MMWL, R.S. Mo. § 290.500 R.S.Mo., et. seq.

70. At all relevant times herein, Plaintiff Raiter was an "employee" as defined by the MMWL, R.S. Mo. § 290.500 R.S.Mo., *et. seq*.

71. At all relevant times herein, Plaintiff Trujillo was an "employee" as defined by the MMWL, R.S. Mo. § 290.500 R.S.Mo., et. seq.

72. At all relevant times herein, Plaintiff Melgar was an "employee" as defined by the MMWL, R.S. Mo. § 290.500 R.S.Mo., et. seq.

73. At all relevant times, KBS was an "employer" within the meaning of the Missouri Minimum Wage Law, § 290.500(4) R.S.Mo. et seq.

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

74. At all relevant times, HSS was an "employer" within the meaning of the Missouri Minimum Wage Law, § 290.500(4) R.S.Mo. et seq.

75. At all relevant times, G&A was an "employer" within the meaning of the Missouri Minimum Wage Law, § 290.500(4) R.S.Mo. et seq.

76. At all relevant times, Amazon was an "employer" within the meaning of the Missouri Minimum Wage Law, § 290.500(4) R.S.Mo. et seq.

77. The MMWL requires that an employer pay its employees a regular rate of pay that meets or exceeds the applicable minimum wage rate.

78. The Missouri Minimum Wage was $9.45 per hour in 2020.

79. The Missouri Minimum Wage was $10.30 per hour in 2021.

80. The Missouri Minimum Wage was $11.15 per hour in 2022.

81. The Missouri Minimum Wage was $12.00 per hour in 2023.

82. The Missouri Minimum Wage was $12.30 per hour in 2024.

83. The Missouri Minimum Wage was $13.75 per hour in 2025.

84. Defendants KBS, HSS, G&A, and Amazon violated the MMWL by refusing to pay Plaintiffs the minimum wage for all hours worked.

**WHEREFORE**, Plaintiffs and all similarly situated employees who do not opt out of this action respectfully request that this Court certify this case as a class action and find in Plaintiffs' favor and against Defendants in Plaintiffs' claims for unpaid wages under the MMWL. Plaintiffs and all similarly situated employees request that the Court award Plaintiffs and Class members unpaid wages from the three (3) years preceding the filing of this Petition plus periods of equitable tolling, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs of litigation, and for such other and further relief as this Court deems just and equitable.

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

## Count II:
## Missouri Minimum Wage Law - Failure to Pay Overtime

85. Plaintiffs incorporate all preceding paragraphs by reference as if fully stated herein.

86. At all relevant times, each Plaintiff was an employee entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. § 290.500, et. seq.

87. At all relevant times relevant to the allegations contained in this Petition, Defendants KBS, HSS, G&A, and Amazon were and are employers within the meaning of R.S. Mo. § 290.500(4).

88. Section 290.505 R.S.Mo. states "[n]o employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

89. Pursuant to the MMWL, employees are entitled to compensation at a rate of not less than one and one half (1 ½) times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.

90. Defendants KBS, HSS, G&A, and Amazon violated the MMWL as to each Plaintiff by failing to pay them overtime wages to which each Plaintiff was legally entitled.

91. Defendants KBS, HSS, G&A, and Amazon violated the MMWL by establishing policies and practices that refused employees overtime pay even if they worked over forty (40) hours in a week.

**WHEREFORE**, Plaintiffs and all similarly situated employees who do not opt out of this action respectfully request that this Court certify this case as a class action and find in Plaintiffs' favor and against Defendants in Plaintiffs' claims for unpaid overtime wages under the MMWL. Plaintiffs and all similarly situated employees request that the Court award Plaintiffs and Class

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

members unpaid wages from the three (3) years preceding the filing of this Petition plus periods of equitable tolling, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs of litigation, and for such other and further relief as this Court deems just and equitable.

## COUNT III:
## Quantum Meruit

92. Plaintiffs incorporate all preceding paragraphs by reference as if fully stated herein.

93. Plaintiffs performed work, for which Defendants KBS, HSS, G&A, and Amazon received benefits, without receiving full compensation.

94. Defendants KBS, HSS, G&A, and Amazon appreciated the benefits conferred upon them by Plaintiffs.

95. The acceptance and retention of said benefit by Defendants KBS, HSS, G&A, and Amazon is inequitable in that Plaintiffs were uncompensated and under-compensated for the benefits conferred upon Defendants KBS, HSS, G&A, and Amazon.

96. The payment requested by Plaintiffs for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

**WHEREFORE**, Plaintiffs and all similarly situated employees who do not opt out of this action respectfully request that this Court certify this case as a class action and find in Plaintiffs' favor and against Defendants in Plaintiffs' claims for quantum meruit under Missouri common law. Plaintiffs and all similarly situated employees request that the Court award Plaintiffs and Class members unpaid wages from the five (5) years preceding the filing of this Petition plus periods of equitable tolling, pre- and post-judgment interest, attorneys' fees and costs as allowed, and for such other and further relief as this Court deems just and equitable.

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

## COUNT IV:
## Unjust Enrichment

97. Plaintiffs incorporate all preceding paragraphs by reference as if fully stated herein.

98. Plaintiffs and those similarly situated performed cleaning services and work, for which Defendants KBS, HSS, G&A, and Amazon received a benefit.

99. Plaintiffs were uncompensated and/or under-compensated for the benefits conferred upon Defendants KBS, HSS, G&A, and Amazon.

100. Defendants KBS, HSS, G&A, and Amazon accepted, retained, and appreciated the benefits conferred upon it by Plaintiffs and those similarly situated.

101. Defendants refused to properly compensate Plaintiffs and those similarly situated for their work and at the proper rate of pay.

102. The payment requested by Plaintiffs for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

103. The acceptance and retention of said benefit by Defendants KBS, HSS, G&A, and Amazon resulted in unjust enrichment to Defendants.

**WHEREFORE**, Plaintiffs and all similarly situated employees who do not opt out of this action respectfully request that this Court certify this case as a class action and find in Plaintiffs' favor and against Defendants in Plaintiffs' claims for unjust enrichment meruit under Missouri common law. Plaintiffs and all similarly situated employees request that the Court award Plaintiffs and Class members unpaid wages from the five (5) years preceding the filing of this Petition plus periods of equitable tolling, pre- and post-judgment interest, attorneys' fees and costs as allowed, and for such other and further relief as this Court deems just and equitable.

Electronically Filed - St Charles Circuit Div - May 05, 2026 - 04:04 PM

## DEMAND FOR JURY

104. Plaintiffs and the proposed Class Members demand a trial by jury on all issues triable by jury.

Respectfully submitted,

**KENNEDY HUNT LAW, P.C.**

By: */s/ Nicole Matlock*________
NICOLE MATLOCK, #66894
4500 West Pine Blvd.
St. Louis, MO 63108
(314) 872-9041 phone
(314) 872-9043 fax
nmatlock@kennedyhuntlaw.com

**ATTORNEYS FOR PLAINTIFF**